```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON
```

OWEN JAMES WALLULATUM,

        Plaintiff,        Civil No. 08-747-AA

        v.                    ORDER

THE CONFEDERATED TRIBES,
et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff filed a complaint seeking money damages for defendants' alleged violations of the "Indian Civil Rights Act." Plaintiff alleges that "Jefferson County Deputy Patterson unlawfully shot plaintiff with a illegal unauthorized weapon," specifically a "tazer gun." Complaint (#2) p. 2.

1 - ORDER

Defendants The Confederated Tribes of Warm Springs, the Tribal Police Department, and Chief of Police Carmen Smith move to dismiss plaintiff's claims against them. Motion to Dismiss (#14).

Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers. Turner v. U.S., 248 U.S. 354 (1919); United States v. Fidelity and Guaranty Co., 309 U.S. 506 (1940); Puyallup Tribe Inc. v. Washington Department of Game, 433 U.S. 165 (1977); Santa Clara Pueblo v. Martinez 436 U.S. 60 (1978). Thus, defendant The Confederated Tribes of the Warm Springs is absolutely immune from liability to plaintiff.

Defendant Public Safety Branch (of) the Tribal Police is a department or agency of the tribe. Therefore, tribal immunity extends to the tribal police on principles similar to those governing Eleventh Amendment immunity.

Plaintiff does not allege any facts against defendant Carmen Smith. In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). Polk v. Montgomery

2 - ORDER

County, 548 F. Supp. 613, 614 (D.Md. 1982). See also, Morabito v. Blum, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, Haines v. Kerner, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

Plaintiff may be seeking to hold defendant Smith liable on a theory of respondeat superior. However, It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983.[1] Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, Boddie v. Coughlin, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); Tunnell v. Office of Public Defender, 583 F. Supp. 762, 767 (E.D. Pa. 1984); Black v. Delbello, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); Knipp v. Winkle, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal

---

[1] Although plaintiff has not alleged jurisdiction under the Civil Rights Act, he is alleging violations of his civil rights and I find that the respondeat superior analysis applicable to action under 42 U.S.C. § 1983 applies to this case.

3 - ORDER

involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury).

Plaintiff has not alleged any facts that would subject defendant Smith to liability under a respondeat superior type theory.

Based on all of the foregoing, I find that plaintiff's complaint fails to state a claim against defendants The Confederated Tribes of the Warm Springs, the Public Safety Branch (of) the Tribal Police Department and Tribal Chief of

4 - ORDER

Police Carmen Smith.  Defendants Motion to Dismiss (#14) is allowed.  Plaintiff's claims against the moving defendants are dismissed.

    IT IS SO ORDERED

    DATED this __18__ day of May, 2009.

                                        /s/ Ann Aiken
                                     Ann Aiken
                                     United State District  Judge