IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OWEN JAMES WALLULATUM

        Plaintiff,        6:08-cv-747-AA

    v.                  ORDER

THE CONFEDERATED TRIBES OF
THE WARM SPINGS RESERVATION
OF OREGON PUBLIC SAFETY
BRANCH, et al.,

        Defendant.

AIKEN, District Judge.

    Plaintiff filed this action under 42 U.S.C. § 1983 alleging that defendants violated his rights under the Fourth Amendment of the United States Constitution by using excessive force against him when he was arrested on the Warm Springs Indian Reservation.

    The only remaining defendant, Jason Patterson, now moves for summary judgment (#76).

Facts:    The following relevant facts are undisputed: Plaintiff is an enrolled tribal member of the Confederated

1 - ORDER

Tribes of the Warm Springs Reservation of Oregon. The incident giving rise to plaintiff's claims occurred on the Warm Springs Indian Reservation. At the time, defendant Patterson was a temporary employee of the Warm Springs Police Department. [Trial Exhibit 108].

Discussion: Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction in order to decide a particular case. Owen Equipment & Electric Co. v. Kroger, 437 U.S. 365, 371 (1978).

In this case, plaintiff alleges jurisdiction under 42 U.S.C. § 1983. However, as noted above, it is undisputed that at the time of the incident, defendant Patterson's actions were taken as a tribal officer.

The law is clear that no action can be brought in federal court for alleged deprivations of constitutional rights under the color of tribal law. R.J. Williams Co. V. Fort Belnap Housing Authority, 719 F.2d 979, 982 (9th Cir. 1983); Desautel v. Dupris, 2011 WL 5025270 (E.D. Wash. October 21, 2011). As stated in Desautel:

> The federal statutes relied on by Plaintiff's do not provide this Court with federal-question jurisdiction given the Complaint's allegations. Although §§ 1983 and 1985 can serve as a basis for federal question jurisdiction, Plaintiff's allegation do not involve action taken under the color of state law; rather the Complaint alleges actions taken under the color of tribal law. Neither §§ 1983 nor 1985 extend to provide a civil action for deprivation of rights by an individual

2 - ORDER

acting under the color of tribal law. *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) ('[A]ctions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law.') ... Accordingly, the Court grants Defendants' ,motion to dismiss because it lacks subject matter jurisdiction. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1011 (9th Cir. 2007) (dismissing lawsuit for lack of subject matter jurisdiction).

At a hearing on April 11, 2012, the court attempted to explain the jurisdictional issue to the *pro se* plaintiff in this action, and allowed plaintiff 30 days to respond. Plaintiff's response does not allege an alternate appropriate jurisdictional basis for his claim or provide any argument or authority to controvert the controlling law set forth above. <u>Conclusion</u>: It is undisputed that defendant Patterson was working as a tribal officer at the time of the incident giving rise to plaintiff's claims and that the incident occurred on the tribal sovereign land. Thus the actionable conduct, if any, was under the color of tribal law and 42 U.S.C. § 1983 does not provide a proper jurisdictional basis for this court to entertain plaintiff's claim. Plaintiff has failed to allege an alternate jurisdictional bases. For these reasons this court is without jurisdiction and defendant is entitled to dismissal of plaintiff's claims against him. Defendant's Motion for Summary Judgment (#76) is allowed. To the extent it may be properly before the court, Defendant Patterson's

counter-claim for attorney fees is denied. This action is dismissed.[1]

DATED this 10th day of May, 2012.

_____
Ann Aiken
United State District Judge

---

[1] Plaintiff filed this action on June 20, 2008. There were some delays in the proceeding due to plaintiff's health issues and inability to obtain counsel. Defendant's motion for summary judgment was filed on March 20, 2012 - on the eve of a scheduled trial. Discovery was done and trial materials had been submitted to the court. The court would expect that attorneys of the caliber representing defendants in this case would have identified the dispositive jurisdictional issue much earlier in this litigation and thereby conserved a considerable amount of judicial and other resources.

4 - ORDER